UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS BERGERON,                                    CIVIL ACTION
        Plaintiff

VERSUS                                               NO. 14-13

GREAT WEST CASUALTY                                  SECTION: "E" (4)
COMPANY, ET. AL,
        Defendants

## ORDER

This is a civil action arising from an automobile accident on December 13, 2012. Plaintiff alleges he sustained personal injury when he was rear-ended by Ronne Reeh ("Reeh"). At the time of the accident, Reeh was employed by Transport, Inc. ("Transport"). Plaintiff subsequently filed suit against Reeh, Transport, and Transport's liability insurer, Great West Casualty Company ("Great West"). There are four Motions *in Limine* currently pending.[1]

## I.     Defendants' Motion *in Limine* to Strike Dr. Peter Galvan[2]

Defendants move *in limine* to preclude Dr. Galvan from offering expert testimony at trial. Dr. Galvan treated Plaintiff immediately following his accident. On May 19, 2014, the Louisiana State Board of Medical Examiners entered a consent order suspending indefinitely Dr. Galvan's license to practice medicine. The suspension stems from various federal offenses Dr. Galvan committed as Coroner for St. Tammany Parish, including (1) paying himself for unearned leave, (2) using employees' time to fulfill a personal contract, and (3) misappropriating Coroner office funds for his own personal

---

[1] R. Docs 47, 50 (as supplemented by R. Doc. 58), 72, 114.
[2] R. Doc. 47.

1

use.[3]  Dr. Galvan is currently in jail but has been deposed in connection with this case.[4] Because Dr. Galvan's medical license is still suspended, Defendants argue he is not qualified to provide medical testimony.  The Court disagrees.

Dr. Galvan was clearly qualified to offer expert testimony at the time he treated Plaintiff.  The charges to which Dr. Galvan eventually pleaded guilty had nothing to do with his medical expertise.  For these reasons, the motion *in limine* is denied.

## II.     Plaintiff's Omnibus Motion *in Limine*[5]

Plaintiff seeks to exclude several items of evidence: (1) Plaintiff's employment records; (2) records from Zurich American Insurance ("Zurich"); (3) documents evidencing Plaintiff's child support obligations; (4) records from Restor Claims Service, LLC ("Restor"); (5) documents evidencing compensation received from a collateral source; and (6) anticipated hearsay testimony.

### 1.  *Employment Records*

Defendants intend to introduce Plaintiff's personnel files from three separate places of employment: Ken's Beverage, Inc., Raising Cane's, Inc., and Aramark Uniform, Inc.  Plaintiff contends these documents are inadmissible hearsay and irrelevant.

#### A.  *Hearsay*

The only document specifically identified by Plaintiff is an accident report he completed while working for Ken's Beverage.  Rule 801(d)(2)(A) explicitly excludes from the definition of hearsay a party's own statement made in his individual or

---

[3] *See* R. Doc. 47-1, p. 2.  Plaintiff agrees with this summary of the federal charges.  *See* R. Doc. 59, p. 2.
[4] The parties provided this information at the status conference on April 7, 2015.
[5] R. Docs. 50, 58.

representative capacity when offered by an opposing party.  Because the statement was made by Plaintiff and will be offered against him by Defendant, it is not hearsay.[6]

Plaintiff further objects to the personnel files from Ken's Beverage and Raising Cane's *in globo* as inadmissible hearsay, because the files allegedly do not satisfy the "business records" exception.[7]  Rule 803(6) provides as follows:

> A record of an act, event, condition, opinion, or diagnosis [is admissible] if:
>
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[8]

---

[6] Plaintiff baldly declares the accident report is not a statement against interest but provides no argument in support.  *See* R. Doc. 58, p. 5.

[7] Defendants do not contest the employment records fall within the definition of hearsay under Rule 801(c)(2).

[8] Fed. R. Evid. 803(6).  This version of Rule 803(6) became effective on December 1, 2014.  The instant motion was filed on September 2, 2014.  At this time, Rule 803(6) was identical to its eventual successor except for subsection (E), which provided as follows: "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."  Thus, the question arises whether the Court should apply Rule 803(6)(E) as amended, or instead apply the version in effect at the time the motion was filed.  The answer turns on whether the new rule has impermissible retroactive effect.  *See Black v. M & W Gear Co.*, 269 F.3d 1220, 1228 n.3 (10th Cir. 2001).  An amendment should not be applied retroactively if, *inter alia*, it overrules prior circuit precedent.  *Id.*  The new rule explicitly places the burden of establishing a lack of trustworthiness on the opponent of the evidence.  Fed. R. Evid. 803 advisory committee's note.  The Court finds this rule does not overrule prior Fifth Circuit precedent for three reasons.  First, as the advisory committee recognized in its notes adopting the amendment, "most courts have imposed [the Rule 803(6)(E) burden] on the opponent . . . ."  *Id.*  Second, the leading evidence treatise recognizes that pre-amendment Rule 803(6)(E) placed the burden of challenging trustworthiness on the opponent.  *See* 2 Kenneth S. Broun, *McCormick on Evidence* § 277 (7th ed. 2013).  Third, at least one court in the Fifth Circuit has interpreted former Rule 803(6)(E) to impose the burden on the opponent.  *See In re Manus*, No. 1:11−CV−00149−SA−DAS, 2014 WL 3866608, at *5 (N.D. Miss. Aug. 6, 2014).  Although new Rule 803(6)(E) is consistent with prior Fifth Circuit precedent, the rule still cannot be applied retroactively if doing so would "impair rights a party possessed when he acted, increase a

Plaintiff contends Defendants have not satisfied Rule 803(6)(D) or (E). Regarding the former, even if the personnel files are not certified,[9] the requirements of Rule 803(6)(A)-(C) can be satisfied through "the testimony of a custodian or another qualified witness."[10]  Defendants intend to offer such testimony.[11]  Thus, Plaintiff's hearsay objection is premature.  Should Defendants fail to lay a proper foundation for the business records exception at trial, Plaintiff may re-urge his objection at that time.

Plaintiff also argues that no witness has "attested to the trustworthiness of these records—the crux of the hearsay exception—including the reliability (or lack thereof) of record keeping by the business keeping these records."[12]  Under Rule 803(6)(E), once the proponent of the records has satisfied Rule 803(6)(A)-(D), the burden shifts to *the opponent*, i.e., Plaintiff, to show the source of information or circumstances of recordkeeping is unreliable.[13]  Plaintiff therefore misunderstands the respective burdens imposed under the business records exception.

### B.  *Relevance*

Even if the personnel files are not hearsay, Plaintiff argues they are not relevant. Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

---

party's liability for past conduct, or impose new duties with respect to transactions already completed." *Black*, 269 F.3d at 1220 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).  The Court finds retroactive application would not produce any of these evils.  Given the foregoing, the Court will apply the current version of Rule 803(6) in this case.

[9] The parties disagree whether the records have been properly certified.

[10] Fed. R. Evid. 803(6)(D).  This rule is disjunctive, allowing subsections A-C to be satisfied through either live testimony *or* certification.  *See United States v. Towns*, 718 F.3d 404, 411 n.8 (5th Cir. 2013) ("The disjunctive nature of FRE 803(6)(D) eliminates the need to put each custodian on the stand to verify the respective business records. The qualifying information may come through live testimony *or* certification.") (emphasis in original).

[11] *See* R. Doc. 62, p. 3 ("[W]itnesses from these employers will further authenticate the records and testify regarding their contents."

[12] R. Doc. 58, p. 5.

[13] *See supra* note 8.

determining the action."[14]   Relevant evidence may be excluded only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[15]

Plaintiff has asserted a claim for lost wages.  Plaintiff's personnel files are clearly relevant to assessing this claim.  Moreover, because Plaintiff is asserting a claim for personal injury, evidence regarding his accident history—including the accident report he prepared for Ken's Beverages—is relevant.  Finally, despite Plaintiff's arguments to the contrary, the Court finds that introduction of the personnel records at trial will not result in undue delay.

2. *Records from Zurich*

Plaintiff argues the records from Zurich are inadmissible hearsay and irrelevant. In response to a subpoena, Zurich provided Defendants with records it obtained from Gallagher Basset Services, Inc. ("Gallagher") and ISO.  Because the Zurich records are actually records created by another company, the records contain double hearsay.[16] Thus, the records are admissible only if Defendants can show that both Zurich *and* the companies that supplied the records satisfy the business records exception or some other exception to the hearsay rule.[17]   Should Defendants fail to lay a proper foundation at trial for both levels of hearsay, Plaintiff may re-urge his objection.

---

[14] Fed. R. Evid. 401.

[15] Fed. R. Evid. 403.

[16] *See United States v. Turner*, 189 F.3d 712, 719–20 (8th Cir. 1999) ("[W]hen the source of information and the recorder of that information are not the same person, the business record contains hearsay upon hearsay."); *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("[I]f the source of the information is an outsider, as in the facts before us, Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible . . . .").

[17] *See Wilson*, 939 F.2d at 271 ("If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the

Plaintiff also contends the Zurich records are irrelevant and will confuse the jury. According to Plaintiff, the records from Zurich evidence "two previous *extremely* minor injuries . . . . the total medical result [of which] was that [Plaintiff's] toenail fell off."[18] Plaintiff cannot prevail on his personal injury claim without showing causation. A pre-existing injury—however minor—is relevant to this showing under Rule 401, which is interpreted liberally.[19]   Moreover, any risk of jury confusion can be ameliorated by a proper limiting instruction.[20]

   3. *Evidence of Child Support Indebtedness*

   Plaintiff argues any evidence of his outstanding child support obligations is inadmissible hearsay and irrelevant. Notwithstanding any hearsay issues, he argues the evidence is not relevant to a personal injury claim arising from an automobile accident. The Court agrees.

   Apparently recognizing this lack of relevance, Defendants argue the evidence can nonetheless be used for impeachment purposes.[21]   The Court cannot assess that argument until Plaintiff is on the witness stand. Thus, evidence of the child support obligation may be admissible to impeach Plaintiff but is not otherwise admissible as substantive evidence.[22]

---

multiple hearsay is excused by Rule 803(6)."); *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 279 (5th Cir. 1991) ("[T]he business records exception to the hearsay rule applies only if the person who makes the statement is himself acting in the regular course of business.") (internal quotation marks omitted); *United States v. Hutson*, 821 F.3d 1015, 1019 (5th Cir. 1987) ("Because the records from which the computer records were made were themselves business records, there was no accumulation of inadmissible hearsay.").

[18] R. Doc. 58, p. 8–9 (emphasis in original).

[19] *See Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993).

[20] *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 762–63 (5th Cir. 2008).

[21] "Impeachment evidence . . . is that which is offered to discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (first alteration not in original) (internal quotation marks omitted).

[22] "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Id.*

4. *Records from Restor*

Plaintiff argues Defendants cannot introduce documents evidencing the post-accident sale of his wife's car to Restor.[23]   Defendants represent they do not intend to introduce the sale documents but may introduce the property damage estimate prepared by Restor as impeachment evidence "if Plaintiff exaggerates the amount of property damage sustained during the accident."[24]   Because Plaintiff is not making a property damage claim,[25] the Court is hard-pressed to fathom how the estimate could be used as impeachment evidence.   Nonetheless, as set forth above, the Court cannot rule on the admissibility of impeachment evidence until the person to be impeached has testified.

5. *Collateral Sources*

Plaintiff argues Defendant should be precluded from introducing evidence of compensation he received from third-parties.   Specifically, Plaintiff argues Defendant cannot introduce evidence that counsel has paid his medical expenses.   Defendants represent they do not intend to present such evidence.   Rather, Defendants raise an issue *not* addressed in Plaintiff's motion: the proper measure of past medical expenses. Defendants contend the amount actually billed to Plaintiff's attorneys, *i.e.*, the amount billed *after* any "write offs" by the medical provider, is the proper measure of past medical expenses.

Plaintiff did not file a reply memorandum, and therefore the continued relevance of his motion remains unclear.   Two key questions remain.   First, does Defendants' concession that "[a]ny reference to the fact that the [medical] bill was paid by an

---

[23] Plaintiff was driving his wife's car at the time of the accident.
[24] R. Doc. 62, p. 5–6.
[25] Plaintiff's wife initially asserted a property damage claim but that claim was subsequently dismissed on summary judgment.  *See* R. Doc. 22.

attorney can be redacted" satisfy Plaintiff's concerns?[26]  Second, does Plaintiff agree the medical bills submitted to the jury should reflect the amount actually paid by his attorneys, as opposed to the amount initially billed by the medical provider?  These unresolved issues counsel against a ruling at this time with trial more than four months away.  The parties shall meet and confer to clarify their respective positions.  In the event disagreements remain, Plaintiff may file another motion *in limine* within the deadlines set forth in the scheduling order.[27]

### 6. *Anticipated Hearsay Statements*

Plaintiff moves to exclude "certain *anticipated* [hearsay] testimony recently brought to [his attention]," including statements regarding "[Plaintiff] being terminated from his employment, [Plaintiff] quitting his job in order to receive a disability settlement, and [Plaintiff's] alleged attendance at a 'jump rope event' with his minor child."[28]  Consistent with a recurring theme in this motion, Plaintiff's request is premature.  If Defendants attempt to introduce the challenged testimony at trial, Plaintiff may re-urge his objection.

## III.   Defendants' Motions *in Limine* Regarding Reeh[29]

Defendants seek to exclude the following evidence from trial: (1) the traffic citation issued to Reeh as a result of the accident; (2) a letter from Great West regarding Reeh's probationary insurance period after the accident; and (3) Reeh's prior arrests, traffic violations, and traffic accidents.

---

[26] *See* R. Doc. 62, p. 7.
[27] *See* R. Doc. 82.
[28] R. Doc. 58, p. 15 (emphasis added).  To the extent these objections derive from Defendants' failure to respond to discovery, *id.* at p. 16, the proper vehicle for relief is a motion to compel.
[29] R. Docs. 72, 114.

1. *The Traffic Citation Related to the Instant Accident*

As a result of his accident with Plaintiff, Reeh was issued a citation for following too closely.  Reeh gave Transport (his employer at the time) money to pay the citation.  Transport mailed payment to the 22nd Judicial District Court.  Receipt of payment is evidenced by a document entitled "Written Plea of Guilty."[30]  The signature block of this document is signed "mail."

The question presented is whether evidence of a traffic citation is admissible in an automobile negligence action where, as here, the defendant did not plead guilty to the underlying violation.[31]  Several federal courts have answered this question.  All agree that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation.[32]  The *ratio decidendi* in these cases is that the mere payment of a traffic citation does not constitute an admission against interest or confession of guilt.  The Court agrees with this reasoning.  Accordingly, the Court holds that any evidence of the traffic citation is inadmissible.

---

[30] *See* R. Doc. 124-2.

[31] The payment of a traffic fine—without more—does not constitute a written guilty plea under Louisiana law.  *See Maricle v. Liberty Mut. Ins. Co.*, 808 So. 2d 565, 572–74 (La. Ct. App. 3d Cir. 2005).

[32] *See, e.g., Dawson v. Carbollosa*, No. 14-0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not . . . . Further, payment does not constitute an admission of guilt.") (internal citation omitted); *Iglinksy v. Player*, No. 08–650–BAJ–CN, 2010 WL 4925000, at *6 (M.D. La. July 26, 2010) ("A motorist's payment of a fine associated with a traffic citation cannot be equated with the entry of a guilty plea, and as a result, the citation is not admissible as an admission against interest in a personal injury action stemming from an automobile accident."); *Rhodes v. Curtis*, No. Civ. 04-476-P, 2006 WL 1047021, at *2 (D. Okla Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty."); *Cunningham v. Wash. Gas Light Co.*, CIV. A. No. 86–2392, 1988 WL 90400, at *1 (D. D.C. Aug. 11, 1988 ) ("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.") (collecting cases); *cf. Hillyer v. David Phillips Trucking Co.*, 606 F.2d 619, 620 (5th Cir. 1979) ("Defendants concede that the [traffic] ticket was only admissible if [the defendant] made an admission against interest acknowledging that she was guilty of the charge . . . .").

### 2. *Letter from Great West*

Following the accident at issue in this case, Great West issued a letter placing Reeh on an insurance probationary period.  Defendants move to exclude the letter as hearsay and irrelevant.  Because the letter will be used to prove the truth of the matter asserted, it is clearly hearsay.[33]  The burden now shifts to Plaintiff to prove an exception to the hearsay rule applies.[34]  The Great West letter may be admissible under the business records exception to the hearsay rule.  Plaintiff will have the opportunity to lay the proper foundation at trial.  If he cannot do so, Defendants may re-urge their hearsay objection.

### 3. *Reeh's Prior Arrests, Traffic Violations, and Traffic Accidents*

Defendant also moves to exclude evidence of prior arrests, traffic violations, and traffic accidents.  Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[35]  Such evidence is admissible, however, "if relevant to an issue other than the defendant's character."[36]  The Court cannot conceive of any possible use for the evidence—nor has Plaintiff provided any—other than to show that Reeh has a propensity for reckless or negligent behavior.  If used for this purpose, the evidence is clearly inadmissible under Rule 404(b).

---

[33] *See* Fed. R. Evid. 801(c).

[34] *See Malley v. Wal-Mart Stores, Inc.* No. 1:12CV127–HSO–RHW, 2013 WL 2099917, at *2 (S.D. Miss. May 14, 2013) ("As the proponent of the proffered hearsay evidence, Plaintiff bears the burden of proving the applicability of an exception."); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 3:10–CV–2524–BH, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012) ("The proponent of hearsay bears the burden of demonstrating that an exception to the hearsay rule applies.").

[35] Accordingly, a defendant's prior safety infractions are inadmissible to show the plaintiff was negligent. *See Jones v. S. Pac. R.R.*, 962 F.2d 447, 450 (5th Cir. 1992).

[36] *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Moreover, to the extent the arrests, violations, and traffic accident constitute prior bad acts, they are not probative of Reeh's character for truthfulness and are therefore inadmissible under Rule 608(b).[37]  Finally, with respect to the arrests and traffic violations, Reeh was never convicted.  Therefore, Rule 609 is inapplicable.[38]

Plaintiff appears to argue the challenged evidence is relevant to a potential claim against Transport for negligent hiring and/or retention.[39]  Plaintiff has not asserted this claim in his latest complaint.  Unless Plaintiff is granted leave to amend his complaint, any relevance argument based on a hypothetical claim is clearly premature.

Because there is currently no admissible purpose for the challenged evidence under the current pleadings, it must be excluded.

## CONCLUSION

For the reasons previously stated;

**IT IS ORDERED** that Defendants' Motion *in Limine* to Strike Dr. Galvan is **DENIED**.  Dr. Galvan may testify by deposition regarding his treatment of Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Omnibus Motion *in Limine* is **GRANTED IN PART.**  The Motion is **GRANTED** in that evidence of Plaintiff's child support indebtedness and the records from Restor are inadmissible except (potentially) for purposes of impeachment.  The Motion is **DENIED** in all other respects.  Plaintiff may re-urge his hearsay objections at trial.  The parties shall meet and confer within 20 days to discuss Plaintiff's arguments regarding collateral sources of income.

---

[37] *See United States. v. Parker*, 133 F.3d 322, 326 (5th Cir. 1998)  ("Prior bad acts that have not resulted in a conviction are admissible under FED. R. EVID. 608(b) if relevant to the witness's character for truthfulness or untruthfulness.").

[38] *See id.* ("FED. R. EVID. 609 permits impeachment by evidence of past convictions, but does not apply to crimes charged for which there has been no conviction.").

[39] *See* R. Doc. 124, p. 5–6.

**IT IS FURTHER ORDERED** that Defendants' Motions *in Limine* regarding Reeh are **GRANTED IN PART**.  The following evidence is inadmissible: (1) the receipt and/or payment of the traffic violation associated with the subject accident; and (2) Reeh's prior arrests, traffic violations, and traffic accidents.  Defendants may re-urge at trial their hearsay objection regarding the Great West letter.

**New Orleans, Louisiana, this 3rd day of June, 2015.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**