UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS P. BERGERON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-13** |
| **GREAT WEST CASUALTY COMPANY, ET AL.** | **SECTION: "E" (4)** |

## ORDER

Before the Court are, Non-Party Tiger Financial Management, LLC's, **Ex Parte Motion for Expedited Consideration of Motion to Quash Defendants' FRCP 45 Subpoena to Tiger Financial Management, LLC d/b/a Speech Cash Holding Corp. (R. Doc. 167)** and **Motion to Quash Defendants' FRCP 45 Subpoena to Tiger Financial Management, LLC d/b/a Speedy Cash Holding Corp. (R. Doc. 166)**. Tiger Financial Management ("Tiger Financial") argues that its motion should be expedited to prevent the approaching, and arguably unnecessary, deposition of its employee, Mr. John Black. R. Doc. 167-1, p. 1. The deposition was scheduled to take place on September 4, 2015. The current submission date is September 16, 2015.

In its underlying motion, Tiger Financial seeks a Court Order to quash Defendants' FRCP 45 subpoena (R. Doc. 166, p. 1). The underlying motion is opposed by Defendants. R. Doc. 169. After duly considering the Tiger Financial's **Motion for Expedited Consideration (R. Doc. 167)**, the Court granted the motion to expedite and the underlying motion was heard by teleconference on September 3, 2015.

I.    **Factual Summary**

This case stems from an automobile accident that occurred between Plaintiff Nicholas Bergeron and Defendant Ronnie Reeh on December 12, 2012. R. Doc. 1-3, p. 1. Plaintiff claims that Defendant Reeh "carelessly and negligently" failed to stop his rig and rear-ended a 2002

1

Chevrolet Blazer LL, driven by the Plaintiff and owned by Plaintiff's wife. *Id.* at 2. Plaintiff argues that the collision resulted in total loss of his vehicle and "serious injury not limited to his neck, back, shoulder, and other regions of his body." *Id.* at 3. A jury trial was originally set for October 27, 2014, but continued twice. *See* R. Doc. 117. Trial is currently set for October 26, 2015, and the discovery deadline is September 4th.

Tiger Financial, a non-party, is the former employer of Nicholas Bergeron and also the subject of the 30(b)(6) notice. R. Doc. 166-1, p. 3. During the expedited hearing before the Court, counsel for Defendants argued that a deposition of Tiger Financial's corporate representative is relevant to Plaintiff's loss of earning capacity claim. Defendants also seek the production of documents that relate to Plaintiff's "employment and application for employment, medical records, payroll, work records, and health insurance claims, etc." R. Doc. 169, p. 2.

As to the instant motion, on August 26, 2015, Defendant sent by Federal Express a Notice of Trial Perpetuation 30(b)(6) Deposition of Tiger Financial, to take place on September 4, 2015. *Id.* at 4. The subpoena was sent, by Federal Express, to Tiger Financial's agent for service of process in Louisiana, and by email to Tiger Financial's general counsel. *Id.* Tiger Financial received the subpoena on August 28, 2015. *Id.*

## II.  Standard of Review

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. Fed. R. Civ. P. 45(b)(1). In particular, Rule 45(b)(1) governs the service of subpoenas. In pertinent parts, Rule 45(b)(1) states that "[se]rving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be

tendered when the subpoena issues on behalf of the United States or any of its officers or agencies." *Id.*

Thus under Rule 45, "proper service requires . . . personal delivery of the subpoena." *In re Dennis,* 330 F.3d 696, 704 (5th Cir.2003). "Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena." *Weiss v. Allstate Insurance Co.,* 512 F.Supp.2d 463, 466 (E.D.La. 2007) (citing *Harrison v. Prather,* 404 F.2d 267, 273 (5th Cir.1968) (finding that service of subpoena on party's attorney, instead of the party, "renders such service a nullity."); *Omikoshi Japanese Restaurant v. Scottsdale Insurance Co.,* No. 08–3657, 2008 WL 4829583, at *1 (E.D.La. Nov. 5, 2008) (applying personal service requirement to subpoena for records propounded upon a non-party).

A subpoena also must give a prospective deponent reasonable notice. Rule 45 provides that a Court must quash or modify a subpoena when it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A). However, the Rule does not specify what length of time is reasonable. Reasonableness varies depending on the circumstances of each case. *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.,* No. 03–1496, 2004 WL 595236, at *9 (E.D.La. Mar. 23, 2004) (holding that a 14-day period cannot be held to be unreasonable). The United States District Court for the Middle District of Louisiana has noted that anything less than 14 days is likely unreasonable. *Hall v. Louisiana*, No Civ.A. 12-657-BAJ, 2014 WL 1652791 (M.D. La. Apr. 23, 2014). The Court wrote that "[12 and 9 day timeframes] are clearly unreasonable, particularly when the 14 day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time." *Id.* at *13.

**III.     Analysis**

Tiger Financial seeks an Order from the Court quashing Defendants' subpoena because it was not served personally, as required by FRCP 45. R. Doc. 166, p. 1. Rather, the subpoena was sent by Federal Express to Tiger Financial's registered agent. R. Doc. 166, p. 1. Tiger Financial further argues that the subpoena must be quashed because Defendants failed to tender a witness and mileage fee, which is required under FRCP 45(b)(1), and Defendants failed to provide reasonable notice because the notice provided only one week's notice. *Id.* at 7.

Tiger Financial also challenges the substance of the notice. Tiger National argues that the subpoena is "cumulative or duplicate" of a previous deposition held on August 17th. *Id.* at 10. Plaintiff argues that "[t]his list of topics mirrors the Defendants' request for production of documents – which Tiger Financial has already produced and objected to." *Id.* Tiger National also contends that the subpoena and notice of deposition requests confidential and privileged HIPPA information. *Id.* at 11.

In opposition, Defendants acknowledges that it previously deposed Tiger Financial's employee, John Black, on August 17th. R. Doc. 169, p. 2. However, despite an agreement between parties, Defendants argue that Mr. Black did not bring Plaintiff's employment and medical records to the deposition. *Id.* Defendants then sent the contested subpoena, after an unsuccessful attempt to contact Tiger Financial to determine an appropriate corporate representative. *Id.* at 3.

Defendants acknowledge that Rule 45 requires personal service of a subpoena and delivery of a witness and mileage fee. *Id.* However, Defendants argue it was unable to calculate the appropriate mileage fees because Tiger Financial failed to respond to Defendants' request to

4

designate which person would be its corporate representative. *Id.* Defendants further contends that Tiger Financial was provided a reasonable, one-week notice prior to the scheduled deposition. *Id.* at 4.

The Court finds that service was improper, the notice was not reasonable, and neither a witness nor a mileage fees was tendered. The applicable rules and case law on these issues are well settled.

First, service of a subpoena by Federal Express and email is not sufficient service under FRCP 45 because personal service of a subpoena is required. Under Rule 45, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In both its written and oral assertions to the Court, Defendants have not contested that it did not personally serve its subpoena. Defendants simply state, without citing relevant case law or federal rules, that its matter of service (Federal Express and email) was valid. R. Doc. 169, p. 4. As noted throughout this Order, a subpoena must be served personally.

Second, the Court also notes that Defendants failed to provide a witness or mileage fees with its subpoena. FRCP 45(b)(1) requires that fees for one day's attendance and the mileage allowed by law must be tendered simultaneously with the service of the subpoena. Fed. R. Civ. P. 45(b)(1). By Defendants' own admission, it did not include neither a witness fee nor a mileage fee with its subpoena. *See* R. Doc, 169, p. 3. As such, the subpoena to Tiger Financial must be quashed.

Third, Defendants failed to give Tiger Financial sufficient notice of the September 4th deposition. Defendants mailed the subpoena on August 26th; Tiger Financial received it on August 28th. Consequently, Tiger Financial only had seven days to comply.

It is settled that any timeframe less that 14 days is likely unreasonable. Seven days is "clearly unreasonable, particularly when the 14-day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time." *Hall, 2014 WL at 2560715, at *1* (quashing subpoenas that gave non-parties between 12 and 9 days to comply). Therefore, the subpoena additionally must be quashed because it fails to allow a reasonable time to comply. *See Thomas v. IEM, Inc.,* No. 06–886, 2008 WL 695230, at *3 (M.D.La. Mar. 12, 2008) (subpoenas would be quashed where they only allowed 9 business days to respond and produce documents).

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that **Tiger Financial Management's Motion for Expedited Consideration (R. Doc. 167)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Tiger Financial Management's **Motion to Quash Defendants' FRCP 45 Subpoena to Tiger Financial Management, LLC d/b/a Speedy Cash Holding Corp. (R. Doc. 166)** is **GRANTED.**

New Orleans, Louisiana, this 9th day of September 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**